IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BELINDA POWELL, | § | |
|       Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-02669-X (BT) |
| | § | |
| | § | |
| AMBER ABBITT et al., | § | |
|       Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Belinda Powell's "Claim for Damages." For the following reasons, the Court should dismiss this civil action under Fed. R. Civ. P. 41(b).

I.

Powell filed her Claim on November 6, 2019. She did not pay the filing fee or file a motion to proceed *in forma pauperis*. On November 13, 2019, the Court sent Powell a notice of deficiency. The Court informed Powell that failure to cure the deficiency within 30 days could result in a recommendation that her Claim would be dismissed. Powell has not cured the deficiency.  Instead, on November 19, 2019, and November 21, 2019, she filed judicial notices stating, "I am not a member of the BAR or any legal society to which your rules apply" and "[t]he constitution (sic) does not

1

permit nor ascribe fees to the people in relation to the pursuit of justice in any court." (ECF Nos. 5, 6 at 1-2.) Powell filed a third judicial notice on December 12, 2019, to which she attached a copy of a January 20, 2017 Presidential Proclamation, proclaiming a National Day of Patriotic Devotion. She also sent two letters to the Clerk of Court on December 19, 2019 and January 8, 2020, respectively. (ECF Nos. 8, 9).

## II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Powell has failed to either pay the filing fee or file a motion to proceed *in forma paupers*. This litigation cannot proceed until she cures this deficiency. Accordingly, this civil action should be dismissed for want of prosecution.

III.

For the foregoing reasons, the Court recommends that this civil action be dismissed without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed January 21, 2020.


_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).